| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) **COMPLAINT** |
| v. | )<br>) **Jury Trial Demanded** |
| BOJANGLES RESTAURANTS, INC., | )<br>) |
| Defendant. | ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Jonathan Wolfe, who was adversely affected by such practices. Specifically, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Bojangles Restaurants, Inc. ("Defendant") discriminated against Jonathan Wolfe ("Wolfe") by subjecting Wolfe to a hostile work environment because of her gender identity (i.e., sex) and/or because of her failure to conform to Defendant's sex-based preferences, expectations, or stereotypes. The Commission further alleges that Defendant discriminated against Wolfe in violation of Title VII when it involuntarily transferred then terminated Wolfe in retaliation for complaining about the harassment.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Fayetteville, North Carolina, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Wolfe filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On July 1, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On December 4, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. Wolfe is a transgender woman. Her gender identity (female) is different from the sex assigned to her at birth (male).

13. Wolfe began her employment with Defendant on or around May 9, 2012 as a Biscuit Maker at Defendant's Owen Drive store in Fayetteville, North Carolina.

14. At the time of Wolfe's interview and hire, she wore modest and natural makeup, short and cleanly-maintained artificial fingernails, and her hair in a very short and gender-neutral "afro" hairstyle. Wolfe continued to wear modest and natural makeup and short and cleanly-maintained artificial fingernails throughout her employment. Wolfe wore Defendant's gender-neutral uniform, which consisted of a polo-style shirt, shoes, and a visor during her work shifts. Wolfe supplied her own women's slacks.

15. As a Biscuit Maker, Wolfe was supervised by the Owens Drive store's Assistant Unit Managers and Unit Manager. The Unit Manager reports to the Area Director, who oversees multiple stores within a certain geographic area. Relevant to this Complaint, Defendant's Area

3

Director oversees both the Owens Drive store and a second store located on Raeford Road, also in Fayetteville, North Carolina.

16. Both Defendant's Unit Manager and Defendant's Area Director had authority to take tangible employment actions against Wolfe.

A. Harassment/Hostile Work Environment

17. During the first few months of Wolfe's employment, Defendant's Unit Director made comments about Wolfe's effeminate mannerisms, including Wolfe's gait, speech, and posture.

18. In or around October or November 2012 ("Oct/Nov. visit"), while off-duty and not required to be in her employer-provided uniform, Wolfe came to the Owen Drive store.

19. Wolfe's intention during the Oct/Nov. visit was to purchase food.

20. Wolfe was fully dressed as a woman when she came to the Owen Drive store during the Oct/Nov. visit.

21. Wolfe dressed as a woman during the Oct/Nov. visit because she is transgender female.

22. During Wolfe's Oct/Nov. visit, Defendant's Unit Director told Wolfe she could not be in the store while dressed as a woman and forbade Wolfe from ever entering the store again dressed as a woman.

23. Shortly after the incident described in ¶¶ 18-22, Defendant's Unit Director told Wolfe that Wolfe could not wear make-up or fake fingernails while working in the store.

24. In or around December 2012, an Assistant Unit Manager began making frequent statements such as "pray to God or go to hell," "God made woman for man," and "Boy, you need to pray" to Wolfe.

4

25. The Assistant Unit Manager made these types of statements to Wolfe because Wolfe is transgender female.

26. Wolfe complained about these statements to the Unit Manager.

27. Shortly after Wolfe's complaint, the Assistant Unit Manager was promoted to Unit Director of Defendant's Raeford Road store.

28. In or around January 2013, Wolfe was moved to a Cashier position at the front of Defendant's Owen Drive store.

29. The Unit Director instructed Wolfe not to use her normal voice and to change the way Wolfe walked and behaved so that Wolfe would "look like a male."

30. The Unit Director gave Wolfe the instructions in ¶ 29 because Wolfe was going to be working in the front of the store.

31. The same day that Defendant's Unit Director made the statements described in ¶ 29, Wolfe complained to Defendant's Area Director that the Unit Director was discriminating against Wolfe because the Unit Director wanted Wolfe to act more like a man.

32. Defendant's Area Director did not respond to Wolfe's complaint.

33. On or around February 21, 2013, Wolfe came to the Owen Drive store to purchase food while off-duty. Wolfe had recently styled her hair with braided extensions that reached her mid-back.

34. During her February 21 visit, Wolfe was approached by an Assistant Unit Manager who criticized Wolfe's hairstyle.

35. The Assistant Unit Manager also told Wolfe that the Unit Director would not allow Wolfe to work at the store wearing the hairstyle.

5

36. Upon seeing Wolfe, Defendant's Unit Director informed Wolfe that she could not wear her hair in braids in the store because Wolfe is "a male."

37. The Unit Director told Wolfe that she would be fired if she did not remove her braids.

38. Shortly after the incident described in ¶¶ 33-37, Wolfe called Defendant's Area Director to complain. During the conversation between Wolfe and the Area Director, the Area Director stated her intent to have Wolfe terminated; however, Wolfe was not terminated at that time.

39. Defendant engaged in unlawful employment practices at its Owen Road location in Fayetteville, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Wolfe to a hostile work environment based on her gender identity (i.e., sex) and/or her failure to conform to Defendant's sex-based preferences, expectations, or stereotypes.

40. The sex-based harassment that Wolfe was subjected to was severe or pervasive in that it involved derogatory and humiliating statements, intentionally denied Wolfe the fundamental acceptance of her personal identity, was perpetuated with the intent to belittle and ridicule Wolfe, occurred frequently, and involved both Defendant's Unit Manager and Assistant Unit Managers.

41. Wolfe complained to Defendant specifically about the harassment on two or more occasions. The harassment, however, was not corrected and was permitted to continue.

42. The effect of the practices complained of above has been to deprive Wolfe of equal employment opportunities and otherwise adversely affect her status as an employee

6

Case 5:16-cv-00654-BO   Document 1   Filed 07/06/16   Page 6 of 10

because of Wolfe's gender identity (i.e., sex) and/or Wolfe's failure to conform to Defendant's sex-based preferences, expectations, or stereotypes.

43. The unlawful employment practices complained of above were intentional.

44. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wolfe.

B.  Retaliation

45. On or around February 22, 2013, after Wolfe's complaint and the Area Director's response set forth in ¶38, the Area Director advised Wolfe that she was being involuntarily transferred to Defendant's Raeford Road store. Wolfe objected to the involuntary transfer.

46. On or around February 27, 2013, Wolfe went to the Owen Drive store as a customer. Defendant's Unit Director told Wolfe to leave the store immediately, stating that Wolfe "didn't want to play" with her [the Unit Director]. Wolfe complied and left the Owen Drive store.

47. Wolfe called Defendant's employee hotline and complained about the Unit Director's treatment of Wolfe, specifically including the Unit Director's comments about Wolfe's hair, after leaving the Owen Drive store.

48. The same day, Defendant's Area Director called Wolfe, summarily discharged her, and then hung up the telephone.

49. Defendant engaged in unlawful employment practices in Fayetteville, North Carolina in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by involuntarily transferring and subsequently discharging Wolfe because she opposed employment practices made unlawful by Title VII.

50. The effect of the practices complained of above has been to deprive Wolfe of equal employment opportunities and otherwise adversely affect her status as an employee because of Wolfe's opposition to practices made unlawful under Title VII.

51. The unlawful employment practices complained of above were intentional.

52. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wolfe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from harassment based on sex, including gender identity, or any other employment practice that discriminates on the basis sex, including gender identity.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees because they have opposed unlawful employment practices or otherwise engaged in protected activity under Title VII.

C. Order Defendant to make Wolfe whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Wolfe or front pay.

D. Order Defendant to make Wolfe whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E. Order Defendant to make Wolfe whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Wolfe punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 6th day of July, 2016.

    Respectfully submitted,

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    **/s/ Lynette A. Barnes**
    LYNETTE A. BARNES
    Regional Attorney
    Charlotte District Office

    KARA GIBBON HADEN
    Supervisory Trial Attorney

/s/ **Rachael S. Steenbergh**
RACHAEL S. STEENBERGH
SC Bar No. 79695
Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Phone:  (704) 954-6472
Fax:      (704) 954-6412
Email:   rachael.steenbergh@eeoc.gov