IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-654-BO

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BOJANGLES' RESTAURANTS, INC., ) ) Defendant. ) | **ORDER** |

This case comes before the court on the motion to quash a subpoena and for a protective order (D.E. 18) by plaintiff United States Equal Employment Opportunity Commission ("plaintiff" or "EEOC"). Defendant Bojangles' Restaurants, Inc. ("defendant") opposes the motion. *See* D.E. 20. For the reasons set forth below, the motion will be allowed and the subpoena will be quashed without prejudice to its reissuance on the terms set forth.

## BACKGROUND

### I. CASE HISTORY

This case arises from alleged employment discrimination by defendant against Jonathan Wolfe ("Wolfe"), defendant's employee who plaintiff contends was subjected to a hostile work environment because of her gender identity. *See generally* Compl. (D.E. 1). Specifically, in its complaint, plaintiff alleges that Wolfe identified as a transgender female and defendant discriminated against her on that basis. *Id.* ¶¶ 39, 42. Plaintiff also alleges that defendant discriminated and retaliated against Wolfe by involuntarily transferring her and terminating her for complaining about the alleged harassment. *Id.* ¶ 49. In its complaint, plaintiff seeks

injunctive relief, compensatory damages, punitive damages, and the costs of this action. *Id.* Prayer for Relief. Defendant denies the material allegations in plaintiff's complaint. *See generally* Ans. (D.E. 6).

## II.  ISSUANCE OF NONPARTY SUPBOENAS

On 27 April 2017, plaintiff's counsel sent an email to defendant's counsel regarding the anticipated service of nonparty subpoenas. 27 Apr. 2017 Email (D.E. 18-3). In it, plaintiff's counsel requested that defendant

> provide notice of its intent to serve and a copy of any subpoena at least five full business days prior to service. This short time frame will not burden [defendant] and will provide [plaintiff] reasonable opportunity to review and take any steps, if necessary to object. If [plaintiff] is not permitted sufficient reasonable time to object, [plaintiff] intends to seek the protection of the court.

*Id.* On 4 May 2017, plaintiff's counsel again emailed defendant's counsel, renewing plaintiff's request for an opportunity to review the substance of any subpoena prior to service. 4 May 2017 Email (D.E. 18-4). Plaintiff noted that it anticipated objecting to any subpoena issued to Wolfe's current employer. *Id.*

On 5 May 2017 at 10:41 a.m., a notice of service of subpoenas, accompanied by four nonparty subpoenas, was emailed to plaintiff's counsel with an indication in the notice that the subpoenas "will be served" on the third parties identified. Brian Church Dec. (D.E. 20) ¶¶ 3, 4; Notice of Service of Subpoenas (D.E. 20-1) 3-4. After sending the email, the subpoenas were served by certified mail on the nonparties that same day. Brian Church Dec. ¶ 5. The subpoenas were issued to Wolfe's current employer, Worth the Weight, Incorporated ("Worth the Weight") in Fayetteville, North Carolina, and three of Wolfe's former employers. *See* Worth the Weight Subpoena (D.E. 18-2). The Worth the Weight subpoena calls for production of the requested

2

documents on 26 May 2017 at defendant's counsel's office in Charlotte, North Carolina. *Id.* The documents sought from Worth the Weight consist of "[a]ny and all personnel records, documents, files or correspondence relating to Johnathan J. Wolfe of Fayetteville . . . and Wolfe's employment with Worth the Weight, including but not limited to job application, resume, interview, positions held, rate(s) of pay and aggregate wages." *Id.*

Plaintiff moves to quash the subpoena served on Worth the Weight on that grounds that it is procedurally defective, seeks irrelevant and duplicative information, is overbroad, and imposes an undue burden. Defendant opposes the motion. Worth the Weight has not objected to the subpoena or provided documents in response to it.

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

Rule 45 of the Federal Rules of Civil Procedure permits a party to issue subpoenas for the production of documents and other things from nonparties. *See* Fed. R. Civ. P. 45(a)(1)(C); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). A subpoena is to be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). Rule 45(a)(4) requires that before serving a subpoena on a nonparty, counsel must serve a notice and copy of the subpoena on each party. Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises

before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). "This notification requirement exists, in part, to allow a party to object to both the substance of the subpoena and its service on the nonparty." *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-cv-227, 2015 WL 6110859, at *5 (M.D.N.C. 16 Oct. 2015). Rule 45(c)(2) provides that a subpoena may command production of documents at a place within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2). A nonparty served with a subpoena may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d). A court must quash or modify a subpoena that fails to allow a reasonable time to comply or requires a person to comply beyond the geographical limits specified in Rule 45(c). Fed. R. Civ. P. 45(c)(3).

"Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). While Rule 26 does

not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. 12 July 2012). Standing may exist, however, where the party claims some personal right or privilege with respect to the documents sought. *Jason's Enter., Inc. v. Gen. Accident Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 June 1996); *see also* 9A Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2459 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting

party claims some personal right or privilege with regard to the documents sought."). For purposes of standing to challenge a subpoena, the EEOC stands in the shoes of the employee on whose behalf it brings suit. *EEOC v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 130551, at *3 (N.D. Okla. 13 Jan. 2014) ("Since EEOC stands in the shoes of the employees with respect to asserting privacy rights, EEOC may seek to quash a subpoena for personnel or educational records unless those records are relevant to the issues presented in the lawsuit."); *EEOC v. BOK Fin. Corp.*, No. 11-1132 RB/LFG, 2012 WL 12841484, at *3 (D.N.M. 20 Nov. 2012) ("[T]the Court concludes EEOC has standing to raise privilege and privacy issues as to the three named individuals on whose behalf it is prosecuting this case."). The burden of showing that a personal right or privilege exists rests on the party claiming it. *Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2014 WL 4760292, at *2 (E.D.N.C. 24 Sept. 2014) (stating that the party asserting a personal right or privilege in documents sought from nonparties bears the burden of demonstrating such privilege or right is applicable); *see also Papanicolas v. Project Execution & Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. 17 Mar. 2015) (noting that "'[t]he burden of proving that a subpoena is oppressive is on the party moving to quash'" (quoting *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012))).

**II. ANALYSIS**

 **A. Standing**

As an initial matter, the court finds that plaintiff does possess standing to challenge the subpoena to Worth the Weight. While the Fourth Circuit has not expressly decided whether an employee possesses a personal right with regard to documents contained in his or her employment file, this court joins the many courts that have found that such a right does exist to

confer standing. *See, e.g., Papanicolas*, 2015 WL 1242755, at *1 (holding that plaintiff had standing to challenge subpoenas issued to her current and former employers for information in her employment file); *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2012 WL 6045836, at *2 (S.D.W. Va. 5 Dec. 2012) ("The undersigned concludes that Plaintiff has a personal right or privilege in her employment records and, thus, has standing to move to quash the subpoena duces tecum seeking those records."); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 (E.D. Va. 2012) (holding that party had standing to challenge subpoenas addressed to former employers and seeking previous employment records).

Moreover, even if plaintiff were deemed not to have standing to challenge the subpoena, plaintiff has also moved for a protective order, permitting the court order to consider its position on the merits. *See Brown v. Mountainview Cutters, LLC*, No. 7:15-cv-204, 2016 WL 3045349, at *2 (W.D. Va. 27 May 2016) ("[E]ven if the court could find that [the movant] did not have standing to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad."); *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena. . . . Notably, however, Defendant has also made a motion for a protective order under Rule 26; therefore, Defendant has standing to challenge the subpoenas under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45." (internal citations and quotations omitted)). Having found that there is no defect in standing precluding plaintiff from challenging the subpoena, the court turns to the merits of plaintiff's position.

7

## B. Procedural Defects in Subpoena

Plaintiff argues that the subpoena served on Worth the Weight was procedurally defective. As noted, Rule 45 requires that *before* serving a subpoena on a nonparty, counsel must serve a notice and copy of the subpoena on the opposing party. Here, defendant provided plaintiff with notice and a copy of the subpoena served on Worth the Weight via email[1] on Friday, 5 May 2017.[2] Subsequent to sending the email on 5 May 2017, the subpoena was served by certified mail and received by Worth the Weight on Monday, 8 May 2017. Rule 45 does not define exactly what time period constitutes adequate prior notice, but the "purpose of the rule is to enable the other parties to object or to serve a subpoena for additional materials." *Manning v. Herman*, No. 1:13cv-1426, 2016 WL 4803197, at *3 (M.D. Pa. 14 Sept. 2016). Here, the service by email on plaintiff prior to the service by certified mail on Worth the Weight provided plaintiff with adequate notice and opportunity to object in a manner that comports with the technical requirements of Rule 45.[3] *See Rollins v. Traylor Bros., Inc.*, No. C14-1414-JCC, 2017 WL 1756576, at *2 (W.D. Wash. 5 May 2017) ("Defendants provided noticed before serving the documents, and Plaintiff's had the opportunity to object 'in advance of the production date.' Thus, Defendants complied with Federal Rule of Civil Procedure 45(a)(4)."); *Cedarcrestone Inc. v. Affiliated Computer Servs. LLC*, No. 1:14-mc-0298, 2014 WL 3055355, at *6 (M.D. Pa. 3 July

---

[1] The parties agreed to service by electronic means in their discovery plan (D.E. 11 ¶ 4(k)), which was adopted by the court (*see* Sch. Ord. (D.E. 12) 3).

[2] In its motion, plaintiff did not acknowledge or mention receipt of the notice via email. The court is satisfied by defendant's representations and the copy of the email provided that notice was, in fact, sent to and received by plaintiff's counsel at 10:41 a.m. on 5 May 2017.

[3] The court's finding that defendant's conduct comported with the requirements of Rule 45 is not to suggest that defendant opted for the most courteous or cooperative manner to proceed in this situation, in light of defendant's actual knowledge that plaintiff objected to the service of a subpoena on Wolfe's current employer. Because defendant was fully aware of plaintiff's objection, a better practice may have been to allow for a longer period of time between notice to plaintiff and service on Worth the Weight in order to permit plaintiff to pursue a protective order from the court before Worth the Weight was even aware of the subpoena.

2014) (finding that personal service one hour after notice to opposing party was sufficient where Rule 45 does not dictate an exact time period and finding that "'[p]rior' simply means existing or coming before in time or order"). Notably, plaintiff was served with the subpoena 21 days before the date specified for production.

Even if defendant's conduct were deemed a technical violation of the rule, the court could still overlook the violation and review the merits of the objection if there were no prejudice to plaintiff. *Vannoy v. Fed. Reserve Bank of Richmond*, No. 3:13-CV-797, 2014 WL 2601765, at *4 (E.D. Va. 10 June 2014) (holding that where counsel "received enough notice to allow her the opportunity to move to quash the subpoenas at issue" no prejudice was established and court could address merits of plaintiff's objections); *see also Friedberg v. Madison Realty Invest.*, No. 1:16-mc-3, 2016 WL 1562948, at * 2 (S.D. Ohio 18 Apr. 2016) ("The court can move past a technical violation of Rule 45(a)(4) and examine the merits of the matter when the movant has not been prejudiced by the violation."); *Papanicolas*, 2015 WL 1242755, at *1 (finding that notice had been provided, but that even if it was insufficient, court had discretion to disregard defect if substantive rights of the parties were unaffected). Here, plaintiff filed its motion to quash the day after Worth the Weight was served with the subpoena, and no documents have been produced yet by Worth the Weight in response to the subpoena. As a result, no prejudice to plaintiff is established and it has not been deprived of its opportunity to challenge the subpoena. Accordingly, the defect alleged by plaintiff does not warrant quashing the subpoena.

Aside from the procedural defect raised by plaintiff, however, the subpoena on its face contains other procedural defects that require correction. First, in violation of Fed. R. Civ. P. 45(a)(2), the subpoena was issued from the Western District of North Carolina, and not the

Eastern District of North Carolina, where this action is pending. Second, the subpoena commands production of documents from Fayetteville, North Carolina to a location in Charlotte, North Carolina, which exceeds the permissible 100 mile geographical limit imposed by Rule 45 by a distance of approximately 30 miles. This flaw requires quashing or modifying the subpoena. Fed. R. Civ. P. 45 (d)(3)(A)(ii). Because the court will permit defendant to reissue its subpoena to Worth the Weight to correct these deficiencies, it will now address the substantive objections raised by plaintiff to the subpoena.

### C. Substantive Objections

On the merits, plaintiff argues that the subpoena to Worth the Weight should be quashed for seeking irrelevant and duplicative information and imposing an undue burden. As noted, the subpoena to Worth the Weight seeks any and all personnel records, documents, files or correspondence relating to Wolfe.

Plaintiff concedes that pay information captured by this subpoena is relevant, but argues it is unreasonably duplicative because tax transcripts have been provided. The court disagrees. Defendant is not precluded from seeking pay information from Worth the Weight merely because plaintiff has provided similar information from another source.

Plaintiff contends that all of the other information contained in Wolfe's personnel file is not even tangentially related to discrimination and retaliation Wolfe experienced while employed by defendant. The court disagrees. Defendant has proffered a credible basis for seeking Wolfe's records bearing on performance evaluations, job applications, and resumes, where one of its defenses concerns Wolfe's public disclosure of her gender identity. These documents are accordingly discoverable from Worth the Weight.

At the same time, seeking an entire personnel record could capture "medical information, . . . information about family members, and other documents completely extraneous to this litigation." *Brown*, 2016 WL 3045349, at *3t (quoting *Singletary*, 289 F.R.D. at 241). As in *Brown*, the receipt by defendant of such extraneous and private information is not warranted. In its reissued subpoena to Worth the Weight, defendant is directed to provide a more narrow description of the documents it seeks and specifically except any documents relating to medical information, information about family members, or other materials extraneous to the claims and defenses in this action.

## **CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to quash (D.E. 18) is ALLOWED. The subpoenaed entity, Worth the Weight, is not required to produce the documents sought by the 5 May 2017 subpoena. Defendant is permitted to reissue a corrected subpoena to Worth the Weight on the terms set forth above.

SO ORDERED, this 6th day of July 2017.

James E. Gates
United States Magistrate Judge