IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-cv-00654-BO

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
                              )
         Plaintiff, )     **CONSENT DECREE**
                              )
v. )
                              )
BOJANGLES' RESTAURANTS, INC., )
                              )
         Defendant. )

       The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Bojangles' Restaurants, Inc. ("Defendant") discriminated against Jonathan Wolfe ("Wolfe") by subjecting Wolfe to a hostile work environment because of her gender identity (i.e., sex) and/or because of her failure to conform to Defendant's sex-based preferences, expectations, or stereotypes. The Commission further alleged that Defendant discriminated against Wolfe in violation of Title VII when it involuntarily transferred then terminated Wolfe in retaliation for complaining about the harassment. Defendant denied the Commission's allegations of discrimination and retaliation. Likewise, Plaintiff did not disavow the allegations contained in the Complaint.

       The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

       The parties have advised this Court that they desire to resolve the allegations in the

Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by subjecting any person to a hostile work environment.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Wolfe the sum of $15,000.00 (Fifteen Thousand Dollars) in settlement of the claims for emotional injuries alleged in this action. Defendant shall make payment by issuing a check payable to Jonathan Wolfe. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Wolfe at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Wolfe. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Wolfe may or may not incur on such payments under local, state and/or federal law.

2

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from Wolfe's personnel file any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2013-01334 and the related events that occurred thereafter, including this litigation. Any such document, entry, or reference is not required to be expunged, and may be maintained in a separate and confidential file. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Wolfe from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Wolfe with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Wolfe at an address provided by the Commission. Wolfe is free to disseminate the letter to potential employers.

6. Defendant has in place an anti-harassment/discrimination policy, which it shall maintain throughout the term of this decree. A copy of the anti-harassment/discrimination policy is attached hereto as Exhibit B. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall distribute a copy of the anti-harassment/discrimination policy to each current employee at specified restaurants. As used throughout this Consent Decree, the phrase "specified restaurants" shall mean the restaurants identified between the parties in a letter labeled CONFIDENTIAL pursuant to the parties' Joint Consent Protective Order [ECF 17]. Defendant shall notify EEOC of any changes to the list of "specified restaurants" within ten (10) days of when the change is made by Defendant. Defendant shall report compliance with all terms of this paragraph to the Commission within forty-five (45) days of the entry of this Consent Decree.

During the term of this Consent Decree, Defendant shall distribute the anti-harassment/discrimination policy to all new employees and review it with them at the time of hire.

7. Defendant has in place a retaliation policy, which it shall maintain throughout the term of this decree. A copy of the retaliation policy is attached hereto as Exhibit C. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall distribute a copy of the retaliation policy to each current employee at specified restaurants. Defendant shall report compliance to the Commission within forty-five (45) days of the entry of this Consent Decree. During the term of this Consent Decree, Defendant shall distribute the retaliation policy to all new employees and review it with them at the time of hire.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all Area Directors, Unit Directors, Assistant Unit Directors, and Shift Managers employed at specified restaurants. Each training program shall be administered through a live presenter, either in person or via live remote teleconference or video stream. Each training program shall include an explanation of (a) Defendant's anti-harassment/discrimination policy (as identified in ¶ 6), specifically including its prohibition against sex- and gender-based discrimination; (b) Defendant's retaliation policy (as identified in ¶ 7); (c) the requirements of Title VII, specifically including Title VII's prohibition against discrimination based on sex and the EEOC's definition of sex; and (d) Title VII's prohibition against retaliation in the workplace.

The first training program shall be completed within one hundred twenty (120) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to

EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A. the identities of all individuals employed at any specified restaurant who have complained about harassment based on gender identity or gender expression, including by way of identification each person's name, address, telephone number, email address (if any), and position;

B. for each complaint identified in response to 9(A), above, describe in detail the specific facts of the complaint; the date the complaint was made; whether the complaint was verbal or in writing; to whom the complaint was made; and Defendant's response, if any, to the complaint, including an identification of each person involved in investigating and/or taking action on the complaint;

C. for each individual identified in 9(A) above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, demotion, promotion, transfer, change from part-time from full-time, increase or reduction in rate or pay); and

D. for each individual whose employment status has changed as identified in 9(C), above, provide a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the full social security number of an individual identified in response to 9(A) within seventy-two (72) hours of a request by the Commission. The Commission will maintain the confidentiality of all social security numbers or other personally identifying information of Defendant's employees.

5

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, at any time during regular business hours, upon at least 24 hours advance notice to Defendant's Senior Director of Human Resources Jeannine Eubanks, inspect any specified restaurant, interview employees regarding Defendant's compliance with this Consent Decree, and request that Defendant produce documents relevant to its compliance with this Consent Decree.

11. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Charles E. Johnson, cejohnson@robinsonbradshaw.com and to Jeannine Eubanks, jeubanks@bojangles.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

6

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

12-1-17
Date

Hon. Terrence W. Boyle, U.S. District Court
Eastern District of North Carolina

7

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

YLDA MARISOL KOPKA
Supervisory Trial Attorney

*s/ Rachael S. Steenbergh*
RACHAEL S. STEENBERGH
South Carolina Federal Bar No. 10867
Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov


**BOJANGLES' RESTAURANTS, INC., Defendant**

*s/ Charles E. Johnson*
Charles E. Johnson
cejohnson@robinsonbradshaw.com
Brian L. Church.
bchurch@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 373-3954

8

Case 5:16-cv-00654-BO   Document 45   Filed 12/04/17   Page 8 of 8